UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTON PHILLIPS and JOSEPH GRAHAM, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　　　v.<br><br>RIVERSIDE TRANSPORTATION, INC., and MISSOURI CAPITAL AND LEASING, INC.,<br><br>　　　　　Defendant. | Case No. 2:23-cv-02440 |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

Plaintiffs Anton Phillips ("Phillips") and Joseph Graham ("Graham) (together, "Plaintiffs") and Defendants Riverside Transportation, Inc. ("Riverside"), and Missouri Capital and Leasing, Inc. ("Missouri Capital") (together, "Defendants") respectfully move the Court for an order approving their proposed resolution of this action. In support, the parties state:

1.　　Plaintiffs filed this case alleging, *inter alia*, collective claims for failure to pay minimum wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Specifically, Plaintiffs alleged that Defendants had misclassified them as independent contractors, rather than as employees, and a result of that practice, failed to pay them at least $7.25 per hour for all compensable worked.

2.　　Defendants denied Plaintiffs' allegations. Defendants maintained (and continue to maintain) that they properly classified Plaintiffs as independent contractors who were not subject to the FLSA and, in any event, that Plaintiffs always received at least the federal minimum wage for all hours worked. Defendants also maintained that Plaintiffs could not pursue their FLSA claims on a collective basis pursuant to their contract with Defendants.

3.	On July 12, 2024, the Court granted a partial motion to dismiss filed by Defendants, over opposition by Plaintiffs. Specifically, the Court dismissed Plaintiffs' claims against Missouri Capital and dismissed the class and collective claims against Riverside. *See* Memo. & Order, docket entry no. 40. Following that decision, the parties engaged in good faith negotiations in an effort to resolve this action. As a result of those negotiations, the parties reached an agreement to settle this case for the individual Plaintiffs.[1]

4.	"When employees file suit to recover back wages under the FLSA, the parties must present any proposed settlement to the district court for review and a determination that the settlement is fair and reasonable." *Barbosa v. National Beef Packing Co., LLC*, 2015 WL 4920292, at *3 (D. Kan. Aug. 18, 2015). "To approve an FLSA settlement, the Court must find that the litigation involves a bona fide dispute and that the proposed settlement is fair and equitable to all parties concerned." *Id.*

5.	There were bona fide disputes in this action regarding, *inter alia*, Plaintiffs' status as independent contractors for purposes of the FLSA's minimum wage protections. Without conceding any claims or defenses, the parties acknowledge that other cases involving FLSA minimum wage claims in the truck driving context, as is the case here, have met with mixed results.[2] Further, there are bona fide disputes as to as the damages to which Plaintiffs may be entitled, including but not limited to the number of hours they worked.

6.	Following negotiations, the parties have agreed to the following settlement

---

[1] A copy of the parties' executed Settlement and Release Agreement (the "Agreement") is included with this Motion as **Exhibit 1**.

[2] *See, e.g.*, *Derolf v. Risinger Bros. Transfer, Inc.*, 259 F. Supp. 3d 876 (C.D. Ill. 2017) (drivers held to be independent contractors under FLSA); *Collado v. J&G Trans., Inc.*, 2015 WL 1757638 (S.D. Fla. Apr. 17, 2015) (factual disputes precluded summary judgment on truck driver independent contractor status under FLSA); *McCune v. JD Towing LLC*, 2022 WL 16635373 (D. Ariz. 2022) (tow truck drivers held to be employees under FLSA).

payments: $5,000 to Phillips and $10,000 to Graham. These figures were negotiated at arm's length following Plaintiffs' counsel's review of compensation data and other records produced by Defendants for purposes of the parties' negotiations. Based on counsel's analysis, the above figures represent a substantial portion of Plaintiffs' best-case-scenario damages.

7. The parties submit that the proposed resolution is fair and reasonable considering the complexity, expense and likely duration of this litigation; the uncertainty that Plaintiffs would prevail on the merits; the range of any potential recoveries they could obtain; and the opinions of counsel. In addition, both parties were represented by competent, experienced counsel, and their Agreement represents the parties' good faith intent that Plaintiffs' claims be fully and finally resolved, not to be relitigated in whole or in part at any point in the future.

8. Plaintiffs' counsel further requests, and Defendants assent, to a payment of attorneys' fees and costs equal to $3,500, in addition to Plaintiffs' settlements amounts listed above. This is fair and reasonable given Plaintiffs' counsel's experience in this field, the amount of time expended in this matter, and the results achieved on Plaintiffs' behalf.

WHEREFORE, the parties jointly move the Court for an order approving their proposed resolution of this matter and dismiss this action with prejudice. A proposed order is submitted herewith.

| | |
|---|---|
| Respectfully submitted,<br>ANTON PHILLIPS and<br>JOSEPH GRAHAM, individually and on<br>behalf of all others similarly situated,<br><br>By their attorneys, | RIVERSIDE TRANSPORTATION, INC., and<br>MISSOURI CAPITAL AND LEASING, INC.,<br><br>By their attorneys, |
| /s/ Brendan J. Donelon<br>Brendan J. Donelon, KS #17420<br>DONELON, P.C.<br>4600 Madison, Ste. 810<br>Kansas City, Missouri 64112<br>816-221-7100<br>Fax: 816-709-1044<br>brendan@donelonpc.con<br><br>Hillary Schwab, Mass. BBO #666029*<br>Brant Casavant, Mass. BBO #672614*<br>Rachel Smit, Mass. BBO #688294*<br>FAIR WORK P.C.<br>192 South Street, Suite 450<br>Boston, MA 02111<br>(617) 607-3260<br>hillary@fairworklaw.com<br>brant@fairworklaw.com<br>rachel@fairworklaw.com<br><br>*Admitted pro hac vice.*<br><br>Dated: November 6, 2024. | /s/ John F. Wilcox<br>John F. Wilcox, Jr., KS No. 16594<br>DYSART TAYLOR MCMONIGLE<br>BRUMITT & WILCOX, P.C.<br>700 W. 47th Street, Suite 410<br>Kansas City, Missouri 64112<br>Phone: (816) 931-2700<br>Facsimile: (816) 931-7377<br>Email: jwilcox@dysarttaylor.com<br><br>Charles Andrewscavage, admitted *pro hac vice*<br>SCOPELITIS, GARVIN, LIGHT,<br>HANSON & FEARY, P.C.<br>30 W. Monroe St., Suite 1600<br>Chicago, IL 60603<br>Phone: (312) 255-7200<br>Facsimile: (312) 422-1224<br>Email: candrewscavage@scopelitis.com<br><br>Janis E. Steck, admitted *pro hac vice*<br>SCOPELITIS, GARVIN, LIGHT,<br>HANSON & FEARY, P.C.<br>10 W. Market Street, Suite 1400<br>Indianapolis, IN 46204<br>Phone: (317) 637-1777<br>Facsimile: (317) 687-2414<br>Email: jsteck@scopelitis.com |

5

## CERTIFICATE OF SERVICE

    I hereby certify that on November 6, 2024, a true copy of the foregoing document was filed electronically through the Court's CM/ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

                                                /s/ Brendan Donelon
                                                Brendan Donelon